**UNITED STATES of America, Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., Defendant.**

**No. Crim. 96–0333(PG).**

United States District Court, D. Puerto Rico.

Nov. 21, 1997.

### ORDER

PEREZ–GIMENEZ, District Judge.

On September 19, 1997 this court denied defendant's motion for dismissal of counts one through six of the indictment for lack of jurisdiction. After a careful review of the Protocol of 1978 Relating to the International Convention for the Prevention of Pollution from Ships (MARPOL) and the United Nations Law of the Sea Convention of 1982 (UNCLOS) this court decided that there is concurrent jurisdiction of this matter between Norway and the United States. Therefore the defendant's motion for dismissal of counts one through six of the indictment was denied.

Count one charges defendants Royal Caribbean Cruises Ltd. and Roeymo with conspiracy to discharge harmful quantities of oil into the navigable waters of the United States in violation of 33 U.S.C. § 1319(c) and § 1321(b)(3). Count one also charges defendants Royal Caribbean Cruises Ltd. and Roeymo with conspiracy to use false writings in violation of 18 U.S.C. § 1001. Count two charges defendant Royal Caribbean Cruise Ltd. with knowingly discharging a harmful quantity of oil into the navigable waters of the United States in violation of 33 U.S.C. § 1319(c)(2)(A) and § 1321(b)(3). Count three to six charge defendants with additional violations of 18 U.S.C. § 1001.

---

The United States has requested this court to clarify whether the defendant can invoke UNCLOS article 230.2 as a defense. It alleges that it can not do so because it lacks standing and because this article does not apply to corporations. At the same time, the United States has requested that at this stage of the proceeding the court reserve its judgment on the application of said article. Article 230.2 of UNCLOS refers to the prevention, reduction and control of pollution of the marine environment committed by foreign vessel on the territorial sea. It indicates that only monetary penalties may be imposed with respect to violations committed by foreign vessels beyond the territorial sea, unless the vessel commits a willful and serious act of pollution. It is unnecessary that the court clarify these matters at this stage of the proceedings. The fact that the United States fears that the words of the court may be seen as an advisory opinion by the maritime community in the absence of a full evidentiary display does not require clarification in the absence of such evidence. With regard to counts one through six, the issue before the court was whether there was jurisdiction under Rule 12(b)(1) of the Federal Rules of Criminal Procedure and this was decided.

The United States has also requested that the court clarify whether the proposed UNCLOS treaty does not abrogate the United States jurisdiction to criminally enforce violations of Title 18 of the United States Code. There is no need for this court to again mention sentencing issues at this stage of the proceedings and clarify its ruling. Memoranda will be welcomed when appropriate.

The motion to clarify the court's opinion and order is denied.